IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HILLCREST BANK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACK H. CORDSEN ) <br> 4600 NE Dick Howser Circle ) <br> Lee's Summit, MO 64064, ) <br> ) <br> JACK H. CORDSEN TRUST UTA ) <br> dated February 12, 2007, or his successor ) <br> in trust, a Trust, ) <br> 4600 NE Dick Howser Circle ) <br> Lee's Summit, MO 64064 ) <br> ) <br> HIDDEN RIDGE BUILDING ) <br> CORPORATION, ) <br> 3516 NW Winding Woods Drive ) <br> Lee's Summit, Missouri 64064, ) <br> ) <br> and ) <br> ) <br> WINTERBERRY DEVELOPMENT, LLC ) <br> 800 NE Vanderbilt Lane ) <br> Lee's Summit, MO 64064, ) <br> ) <br> Defendants. ) | Case No. _____ |

## **COMPLAINT**

Hillcrest Bank, for its Complaint against Jack H. Cordsen ("Cordsen"), the Jack H. Cordsen Trust UTA dated February 12, 2007, or his successor in trust ("Cordsen Trust"), the Hidden Ridge Building Corporation ("Hidden Ridge"), and Winterberry Development, LLC ("Winterberry," and collectively with Cordsen, Cordsen Trust, and Hidden Ridge, "Defendants"), states as follows:

## PARTIES AND VENUE

1. Hillcrest Bank is, and has been at every relevant time, a banking corporation chartered under the laws of Kansas that has a place of business at 11111 West 95th Street, Overland Park, Kansas 66214.

2. Cordsen, is, and has been at every relevant time, an individual who resides at 4600 NE Dick Howser Cir., Lee's Summit, Missouri 64064.

3. The Cordsen Trust is, and has been at every relevant time, a trust whose sole trustee is Cordsen, that may be served with process at 4600 NE Dick Howser Cir., Lee's Summit, Missouri 64064.

4. Hidden Ridge, is, and has been at every relevant time, a domestic corporation organized under the laws of Missouri that may be served with process at the office of its registered agent, Roy C. Allen III, 3516 NW Winding Woods Drive, Lee's Summit, Missouri 64064.

5. Winterberry, is, and has been at every relevant time, a domestic limited liability company organized under the laws of Missouri that may be served with process at the office of its registered agent, CEN Registered Agent, Inc., 800 NE Vanderbilt Lane, Lee's Summit, Missouri 64064.

6. The Court has subject matter jurisdiction over this action because Hillcrest Bank and Defendants are citizens of different states and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332.

7. The Court has personal jurisdiction over Defendants because this action arises from Defendants' formation of one or more contracts, and transaction of business, in the state of Missouri.

8. The Court is a proper venue for resolving this dispute because one or more defendants reside within this district, a substantial part of the events giving rise to this action occurred in

Missouri, and because Defendants were subject to personal jurisdiction in Missouri when this action was commenced pursuant to 28 U.S.C. § 1391(a).

## THE HIDDEN RIDGE LOT LOAN

9. Hillcrest Bank and Hidden Ridge entered into a commercial loan agreement ("Hidden Ridge Lot Loan" or "Hidden Ridge Lot Loan Agreement"), dated August 18, 2004, whereby Hillcrest Bank agreed to loan Hidden Ridge up to $2,000,000.00 for the purpose of constructing residential buildings on certain real property located in the Hidden Ridge Subdivision in the City of Blue Springs, Jackson County, State of Missouri.

10. A complete, accurate copy of the Hidden Ridge Lot Loan Agreement is attached to this Complaint as **Exhibit A** and is incorporated herein by reference.

11. Pursuant to the terms of the Hidden Ridge Lot Loan Agreement and contemporaneously with its formation, Hidden Ridge executed a promissory note ("Hidden Ridge Lot Note") for a principal amount up to $2,000,000.00 in favor of Hillcrest Bank.

12. A complete, accurate copy of the Hidden Ridge Lot Note is attached to this Complaint as **Exhibit B** and is incorporated herein by reference.

13. In connection with the execution of the Hidden Ridge Lot Note, for value received and intending to be bound, Cordsen executed an unconditional, absolute, and continuing guaranty ("Cordsen First Hidden Ridge Guaranty") whereby Cordsen guaranteed to Hillcrest Bank the payment of Hidden Ridge's indebtedness under the Hidden Ridge Lot Note and any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Hidden Ridge's obligations under the Hidden Ridge Lot Loan Agreement and related agreements.

14. A complete, accurate copy of the Cordsen First Hidden Ridge Guaranty is attached to this Complaint as **Exhibit C** and is incorporated herein by reference.

15. After the Hidden Ridge Lot Loan was executed, the Hidden Ridge Lot Loan Agreement and other documents governing the Hidden Ridge Lot Loan were modified fourteen times.

16. The Hidden Ridge Lot Loan was modified for the fourteenth time by an agreement ("Fourteenth Hidden Ridge Lot Loan Modification"), dated April 30, 2010, whereby Hidden Ridge acknowledged that its prior loan obligations, including prior applications, security agreements, disclosures, notes, and agreements, were included in the Fourteenth Hidden Ridge Lot Loan Modification.

17. A complete, accurate copy of the Fourteenth Hidden Ridge Lot Loan Modification is attached to this Complaint as **Exhibit D** and is incorporated herein by reference.

18. The Hidden Ridge Lot Note has fully matured.

## THE HIDDEN RIDGE CONSTRUCTION LOAN

19. Hillcrest Bank and Hidden Ridge entered into a construction loan agreement ("Hidden Ridge Construction Loan" or "Hidden Ridge Construction Loan Agreement"), dated December 3, 2004, whereby Hillcrest Bank agreed to loan Hidden Ridge up to $4,000,000.00 for the purpose of constructing residential buildings on certain real property located in the Hidden Ridge Subdivision in the City of Blue Springs, Jackson County, State of Missouri.

20. A complete, accurate copy of the Hidden Ridge Construction Loan Agreement is attached to this Complaint as **Exhibit E** and is incorporated herein by reference.

21. Pursuant to the terms of the Hidden Ridge Construction Loan Agreement and contemporaneously with its formation, Hidden Ridge executed a promissory note ("Hidden Ridge Construction Note") for a principal amount up to $4,000,000.00 in favor of Hillcrest Bank.

22. A complete, accurate copy of the Hidden Ridge Construction Note is attached to this Complaint as **Exhibit F** and is incorporated herein by reference.

23. In connection with the execution of the Hidden Ridge Construction Note, for value received and intending to be bound, Cordsen executed an unconditional, absolute, and continuing guaranty ("Cordsen Second Hidden Ridge Guaranty") whereby Cordsen guaranteed to Hillcrest Bank the payment of Hidden Ridge's indebtedness under the Hidden Ridge Construction Note and any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Hidden Ridge's obligations under the Hidden Ridge Construction Loan Agreement and related agreements.

24. A complete, accurate copy of the Cordsen Second Hidden Ridge Guaranty is attached to this Complaint as **Exhibit G** and is incorporated herein by reference.

25. After the Hidden Ridge Construction Loan was executed, the Hidden Ridge Construction Loan Agreement and other documents governing the Construction Loan were modified sixteen times.

26. The Hidden Ridge Construction Loan was modified for the sixteenth time by an agreement ("Sixteenth Hidden Ridge Construction Loan Modification"), dated April 30, 2010, whereby Hidden Ridge acknowledged that its prior loan obligations, including prior applications, security agreements, disclosures, notes, and agreements, were included in the Sixteenth Hidden Ridge Construction Loan Modification.

27. A complete, accurate copy of the Sixteenth Hidden Ridge Construction Loan Modification is attached to this Complaint as **Exhibit H** and is incorporated herein by reference.

28. The Hidden Ridge Construction Note has fully matured.

## THE HIDDEN RIDGE BRIDGE I LOAN

29. Hillcrest Bank and Hidden Ridge executed a promissory note ("Hidden Ridge Bridge I Loan" or "Hidden Ridge Bridge I Note"), dated August 31, 2009, whereby Hillcrest Bank loaned

5

WA 2486220.6

Case 4:10-cv-00967-DGK   Document 1   Filed 10/04/10   Page 5 of 20

Hidden Ridge $600,000 for construction purposes on certain real property located in Jackson County, State of Missouri, and to pay down the Hidden Ridge Construction Loan.

30. A complete, accurate copy of the Hidden Ridge Bridge I Note is attached to this Complaint as **Exhibit I** and is incorporated herein by reference.

31. In connection with the execution of the Hidden Ridge Bridge I Note, for value received and intending to be bound, Cordsen executed an unconditional, absolute, and continuing guaranty ("Cordsen Third Hidden Ridge Guaranty") whereby Cordsen guaranteed to Hillcrest Bank the payment of Hidden Ridge's indebtedness under the Hidden Ridge Bridge I Note, the Hidden Ridge Lot Note, the Hidden Ridge Construction Note, and any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Hidden Ridge's obligations under the Hidden Ridge Lot Loan Agreement, the Hidden Ridge Construction Loan Agreement, and related agreements.

32. A complete, accurate copy of the Cordsen Third Hidden Ridge Guaranty is attached to this Complaint as **Exhibit J** and is incorporated herein by reference.

33. The Hidden Ridge Bridge I Loan and other documents governing the Hidden Ridge Bridge I Loan were modified ("Hidden Ridge Bridge I Loan Modification") on March 29, 2010, whereby Hidden Ridge acknowledged that its prior loan obligations, including prior applications, security agreements, disclosures, notes, and agreements, were included in the Hidden Ridge Bridge I Loan Modification.

34. A complete, accurate copy of the Hidden Ridge Bridge I Loan Modification is attached to this Complaint as **Exhibit K** and is incorporated herein by reference.

35. The Hidden Ridge Bridge I Note has fully matured.

6

WA 2486220.6

Case 4:10-cv-00967-DGK   Document 1   Filed 10/04/10   Page 6 of 20

## THE HIDDEN RIDGE BRIDGE II LOAN

36. Hillcrest Bank and Hidden Ridge executed a promissory note ("Hidden Ridge Bridge II Loan" or "Hidden Ridge Bridge II Note"), dated March 29, 2010, whereby Hillcrest Bank loaned Hidden Ridge $600,000 for construction purposes on certain real property located in Jackson County, State of Missouri, and to pay down the Hidden Ridge Construction Loan.

37. A complete, accurate copy of the Hidden Ridge Bridge II Note is attached to this Complaint as **Exhibit L** and is incorporated herein by reference.

38. In connection with the execution of the Hidden Ridge Bridge II Note, for value received and intending to be bound, Cordsen executed an unconditional, absolute, and continuing guaranty ("Cordsen Fourth Hidden Ridge Guaranty," and collectively with the Cordsen First Hidden Ridge Guaranty, the Cordsen Second Hidden Ridge Guaranty, and the Cordsen Third Hidden Ridge Guaranty, "Cordsen Hidden Ridge Guaranties") whereby Cordsen guaranteed to Hillcrest Bank the payment of Hidden Ridge's indebtedness under the Hidden Ridge Bridge II Note, the Hidden Ridge Lot Note, the Hidden Ridge Construction Note, the Hidden Ridge Bridge I Note, and any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Hidden Ridge's obligations under the Hidden Ridge Lot Loan Agreement, the Hidden Ridge Construction Loan Agreement, and related agreements.

39. See **Exhibit M** for a complete, accurate copy of the Cordsen Fourth Hidden Ridge Guaranty attached to this Complaint and incorporated herein by reference.

40. The Hidden Ridge Bridge II Note has fully matured.

## THE CORDSEN TRUST HIDDEN RIDGE GUARANTIES

41. For value received and intending to be bound, the Cordsen Trust executed an unconditional, absolute, and continuing guaranty ("Cordsen Trust First Hidden Ridge Guaranty"), dated November 18, 2008, whereby the Cordsen Trust guaranteed to Hillcrest Bank the payment of

Hidden Ridge's indebtedness under the Hidden Ridge Lot Note, the Hidden Ridge Construction Note, and any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Hidden Ridge's obligations under the Hidden Ridge Lot Loan Agreement, the Hidden Ridge Construction Loan Agreement, and related agreements.

42. A complete, accurate copy of the Cordsen Trust First Hidden Ridge Guaranty is attached to this Complaint as **Exhibit N** and is incorporated herein by reference.

43. For value received and intending to be bound, the Cordsen Trust executed an unconditional, absolute, and continuing guaranty ("Cordsen Trust Second Hidden Ridge Guaranty"), dated July 18, 2009, whereby the Cordsen Trust guaranteed to Hillcrest Bank the payment of Hidden Ridge's indebtedness under the Hidden Ridge Lot Note, the Hidden Ridge Construction Note, any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Hidden Ridge's obligations under the Hidden Ridge Lot Loan Agreement, the Hidden Ridge Construction Loan Agreement, and related agreements.

44. A complete, accurate copy of the Cordsen Trust Second Hidden Ridge Guaranty is attached to this Complaint as **Exhibit O** and is incorporated herein by reference.

45. For value received and intending to be bound, the Cordsen Trust executed an unconditional, absolute, and continuing guaranty ("Cordsen Trust Third Hidden Ridge Guaranty," and collectively with the Cordsen Trust First Hidden Ridge Guaranty and the Cordsen Trust Second Guaranty, "Cordsen Trust Hidden Ridge Guaranties"), dated April 30, 2010, whereby the Cordsen Trust guaranteed to Hillcrest Bank the payment of Hidden Ridge's indebtedness under the Hidden Ridge Lot Note, the Hidden Ridge Construction Note, and any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Hidden Ridge's obligations under the Hidden

Ridge Lot Loan Agreement, the Hidden Ridge Construction Loan Agreement, and related agreements.

46. A complete, accurate copy of the Cordsen Trust Third Hidden Ridge Guaranty is attached to this Complaint as **Exhibit P** and is incorporated herein by reference.

## THE WINTERBERRY DEVELOPMENT, LLC LOAN

47. Hillcrest Bank and Winterberry entered into a commercial loan agreement ("Winterberry Loan" or "Winterberry Loan Agreement"), dated October 11, 2007, whereby Hillcrest Bank agreed to loan Winterberry up to $2,858,742.00 for the purpose of acquiring and developing certain real property commonly known as Winterberry at Colonial Highlands located in the City of Blue Springs, Jackson County, State of Missouri.

48. A complete, accurate copy of the Winterberry Loan Agreement is attached to this Complaint as **Exhibit Q** and is incorporated herein by reference.

49. Pursuant to the terms of the Winterberry Loan Agreement and contemporaneously with its formation, Winterberry executed a promissory note ("Winterberry Note") for a principal amount up to $2,858,742.00 in favor of Hillcrest Bank.

50. A complete, accurate copy of the Winterberry Note is attached to this Complaint as **Exhibit R** and is incorporated herein by reference.

51. In connection with the execution of the Winterberry Note, for value received and intending to be bound, Cordsen executed an unconditional, absolute, and continuing guaranty ("Cordsen Winterberry Guaranty") whereby Cordsen guaranteed to Hillcrest Bank the payment of Winterberry's indebtedness under the Winterberry Note and any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Winterberry's obligations under the Winterberry Loan Agreement and related agreements.

52. A complete, accurate copy of the Cordsen Winterberry Guaranty is attached to this Complaint as **Exhibit S** and is incorporated herein by reference.

53. In connection with the execution of the Winterberry Note, for value received and intending to be bound, the Cordsen Trust executed an unconditional, absolute, and continuing guaranty ("Cordsen Trust First Winterberry Guaranty") whereby the Cordsen Trust guaranteed to Hillcrest Bank the payment of Winterberry's indebtedness under the Winterberry Note and any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Winterberry's obligations under the Winterberry Loan Agreement and related agreements.

54. A complete, accurate copy of the Cordsen Trust First Winterberry Guaranty is attached to this Complaint as **Exhibit T** and is incorporated herein by reference.

55. For value received and intending to be bound, the Cordsen Trust executed an unconditional, absolute, and continuing guaranty ("Cordsen Trust Second Winterberry Guaranty"), dated November 24, 2008, whereby the Cordsen Trust guaranteed to Hillcrest Bank the payment of Winterberry's indebtedness under the Winterberry Note and any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Winterberry's obligations under the Winterberry Loan Agreement and related agreements.

56. A complete, accurate copy of the Cordsen Trust Second Winterberry Guaranty is attached to this Complaint as **Exhibit U** and is incorporated herein by reference.

57. For value received and intending to be bound, the Cordsen Trust executed an unconditional, absolute, and continuing guaranty ("Cordsen Trust Third Guaranty," and collectively with the Cordsen Winterberry Guaranty, the Cordsen Trust First Winterberry Guaranty, and the Cordsen Trust Second Winterberry Guaranty, "Winterberry Guaranties"), dated July 11, 2009, whereby the Cordsen Trust guaranteed to Hillcrest Bank the payment of Winterberry's indebtedness

under the Winterberry Note and any extensions, renewals, modifications, and substitutions thereto, as well as the performance of Winterberry's obligations under the Winterberry Loan Agreement and related agreements.

58. A complete, accurate copy of the Cordsen Trust Third Winterberry Guaranty is attached to this Complaint as **Exhibit V** and is incorporated herein by reference.

59. After the Winterberry Loan was executed, the Winterberry Loan Agreement and other documents governing the Winterberry Loan were modified eight times.

60. The Winterberry Loan was modified for the eighth time by an agreement ("Eighth Winterberry Loan Modification"), dated March 11, 2010, whereby Winterberry acknowledged that its prior loan obligations, including prior applications, security agreements, disclosures, notes, and agreements, were included in the Eighth Winterberry Loan Modification.

61. A complete, accurate copy of the Eighth Winterberry Loan Modification is attached to this Complaint as **Exhibit W** and is incorporated herein by reference.

62. The Winterberry Note has fully matured.

## FAILURES TO MAKE PAYMENTS

63. Hidden Ridge failed to repay the amount outstanding under the Hidden Ridge Lot Note when it matured.

64. Hidden Ridge's failure to repay that amount constituted a default under section 7 of the Hidden Ridge Lot Loan Agreement and a breach of the Hidden Ridge Lot Note.

65. Hidden Ridge failed to repay the amount outstanding under the Hidden Ridge Construction Note when it matured.

66. Hidden Ridge's failure to repay that amount constituted a default under section 14 of the Hidden Ridge Construction Loan Agreement and a breach of the Hidden Ridge Construction Note.

67. Hidden Ridge failed to repay the amount outstanding under the Hidden Ridge Bridge I Note when it matured.

68. Hidden Ridge's failure to repay that amount constituted a breach of the Hidden Ridge Bridge I Note.

69. Hidden Ridge failed to repay the amount outstanding under the Hidden Ridge Bridge II Note when it matured.

70. Hidden Ridge's failure to repay that amount constituted a breach of the Hidden Ridge Bridge II Note.

71. Hidden Ridge was notified of the default under the Hidden Ridge Lot Note, the Hidden Ridge Construction Note, the Hidden Ridge Bridge I Note, and the Hidden Ridge Bridge II Note, by a letter dated September 10, 2010.

72. A complete, accurate copy of that letter is attached to this Complaint as **Exhibit X** and is incorporated herein by reference.

73. Hidden Ridge failed to pay the amount outstanding under the Hidden Ridge Lot Note, the Hidden Ridge Construction Note, the Hidden Ridge Bridge I Note, and the Hidden Ridge Bridge II Note after receiving that notice.

74. Cordsen and Cordsen Trust were notified of the default by Hidden Ridge under the Hidden Ridge Lot Loan, the Hidden Ridge Construction Loan, the Hidden Ridge Bridge I Loan, and the Hidden Ridge Bridge II Loan and received a demand for payment by a letter dated September 10, 2010.

75. See **Exhibit Y** for a complete, accurate copy of the default letter attached to this Complaint and incorporated herein by reference.

76. Cordsen and Cordsen Trust failed to pay the amount outstanding under the Hidden Ridge Lot Note, the Hidden Ridge Construction Note, the Hidden Ridge Bridge I Note, and the Hidden Ridge Bridge II Note, after receiving that notice.

77. Winterberry failed to repay the amount outstanding under the Winterberry Note when it matured.

78. Winterberry's failure to repay that amount constituted a default under section 8 of the Winterberry Loan Agreement and a breach of the Winterberry Note.

79. Winterberry, Cordsen, and the Cordsen Trust were notified of that default by a letter dated July 23, 2010 and received a demand for payment of the amount outstanding.

80. A complete, accurate copy of that letter is attached to this Complaint as **Exhibit Z** and is incorporated herein by reference.

81. Winterberry, Cordsen and the Cordsen Trust failed to pay the amount outstanding under the Winterberry Note after receiving that notice.

82. On or about September 27, 2010, Jon Forgey and other representatives of Hillcrest Bank met with Cordsen, individually, as trustee of Cordsen Trust, and as representative of Hidden Ridge and Winterberry, in an attempt to resolve the defaults that had arisen under the Hidden Ridge Lot Loan Agreement and Note, the Hidden Ridge Construction Loan Agreement and Note, the Hidden Ridge Bridge I Note, the Hidden Ridge Bridge II Note (collectively, "Hidden Ridge Loan Agreements"), the Winterberry Loan Agreement and the Winterberry Note (collectively, "Winterberry Loan Agreements"), but Cordsen refused to pay the amounts outstanding under the Hidden Ridge Loan Agreements, the Winterberry Loan Agreements, the Cordsen Hidden Ridge Guaranties, the Cordsen Trust Hidden Ridge Guaranties, or the Winterberry Guaranties.

## COUNT I: BREACH OF HIDDEN RIDGE LOT AND CONSTRUCTION LOAN GUARANTIES
### (Against Cordsen and Cordsen Trust)

83. Hillcrest Bank incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

84. Hillcrest Bank has complied with every term and condition of the Hidden Ridge Lot Loan Agreement and Note, and the Hidden Ridge Construction Loan Agreement and Note, together with all subsequent modifications thereto, and it has satisfied every condition precedent to bringing this action.

85. By virtue of Hidden Ridge's default under the Hidden Ridge Lot Loan Agreement, the Hidden Ridge Lot Note, the Hidden Ridge Construction Loan Agreement, and the Hidden Ridge Construction Note, Cordsen and the Cordsen Trust are obligated, jointly and severally, to pay Hillcrest Bank the outstanding indebtedness of Hidden Ridge under the Cordsen Hidden Ridge Guaranties and the Cordsen Trust Hidden Ridge Guaranties.

86. Hillcrest Bank has made demand upon Cordsen and the Cordsen Trust for all amounts due and owing under the Hidden Ridge Lot Loan Agreement and the Hidden Ridge Lot Note, but they have refused to honor their obligations under the Cordsen Hidden Ridge Guaranties and the Cordsen Trust Hidden Ridge Guaranties.

87. Hillcrest Bank has made demand upon Cordsen and Cordsen Trust for all amounts due and owing under the Hidden Ridge Construction Loan Agreement and the Hidden Ridge Construction Note, but they have refused to honor their obligations under the Cordsen Hidden Ridge Guaranties and the Cordsen Trust Hidden Ridge Guaranties.

88. As of September 10, 2010, the amount due and owing on the Lot Note is the principal sum of $197,824.57, plus interest of $1,929.18, applicable late charges, loan fees, and interest accruing at a per diem rate of $35.72.

89. As of September 10, 2010, the amount due and owing on the Construction Note is the principal sum of $2,531,345.04, plus interest of $17,367.84, applicable late charges, loan fees, and interest accruing at a per diem rate of $457.05.

90. Under the terms of the Hidden Ridge Lot Loan Agreement, the Hidden Ridge Construction Loan Agreement, the Cordsen Hidden Ridge Guaranties, and the Cordsen Trust Hidden Ridge Guaranties Hillcrest Bank is entitled to recover its costs of collection, including reasonable attorneys' fees and expenses.

WHEREFORE, Hillcrest Bank prays for judgment, jointly and severally, against Jack H. Cordsen and the Jack H. Cordsen Trust UTA dated February 12, 2007, or his successor in trust, for the principal sum of $2,729,169.61, plus interest of $19,297.02, applicable late charges, loan fees, interest accruing at a per diem rate of $429.77, pre and post-judgment interest at the rate permitted by law, its court costs and attorneys' fees and expenses reasonably incurred herein, and any other, further relief that the Court deems just.

### COUNT II: BREACH OF HIDDEN RIDGE BRIDGE I AND II LOAN GUARANTIES
### (against Cordsen)

91. Hillcrest Bank incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

92. Hillcrest Bank has complied with every term and condition of the Hidden Ridge Bridge I Loan Note, and the Hidden Ridge Bridge II Note, together with all subsequent modifications thereto, and it has satisfied every condition precedent to bringing this action.

93. By virtue of Hidden Ridge's default under the Hidden Ridge Bridge I Note and the Hidden Ridge Bridge II Note, Cordsen is obligated to pay Hillcrest Bank the outstanding indebtedness of Hidden Ridge under the Cordsen Third Hidden Ridge Guaranty and Cordsen Fourth Hidden Ridge Guaranty.

94. Hillcrest Bank has made demand upon Cordsen for all amounts due and owing under the Hidden Ridge Bridge I Note and Hidden Ridge Bridge II Note, but he has refused to honor his obligations under the Cordsen Third Hidden Ridge Guaranty and Cordsen Fourth Hidden Ridge Guaranty.

95. As of September 10, 2010, the amount due and owing on the Hidden Ridge Bridge I Note is the principal sum of $587,468.35, plus interest of $3,214.17, applicable late charges, loan fees, and interest accruing at a per diem rate of $106.07.

96. As of September 10, 2010, the amount due and owing on the Hidden Ridge Bridge II Note is the principal sum of $596,468.35, plus interest of $3,265.32, applicable late charges, loan fees, and interest accruing at a per diem rate of $107.76.

97. Under the terms of the Hidden Ridge Bridge I and II Notes and the Cordsen Third Hidden Ridge Guaranty and Cordsen Fourth Hidden Ridge Guaranty, Hillcrest Bank is entitled to recover its costs of collection, including reasonable attorneys' fees and expenses.

WHEREFORE, Hillcrest Bank prays for judgment, against Jack H. Cordsen individually for the principal sum of $1,183,936.70, plus interest of $6,479.49, applicable late charges, loan fees, interest accruing at a per diem rate of $213.83, pre and post-judgment interest at the rate permitted by law, its court costs and attorneys' fees and expenses reasonably incurred herein, and any other, further relief that the Court deems just.

**COUNT III: BREACH OF HIDDEN RIDGE LOT LOAN AGREEMENT AND NOTE, HIDDEN RIDGE CONSTRUCTION LOAN AGREEMENT AND NOTE, HIDDEN RIDGE BRIDGE I AND II LOAN AGREEMENTS AND NOTES**
**(against Hidden Ridge Building Corporation)**

98. Hillcrest Bank incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

99. Hillcrest Bank has complied with every term and condition of the Hidden Ridge Loan Agreements, together with all subsequent modifications thereto, and it has satisfied every condition precedent to bringing this action.

100. Hillcrest Bank has made demand upon Hidden Ridge for all amounts due and owing under the Hidden Ridge Loan Agreements, but it has refused to honor its obligations and repay the amount owed under the Hidden Ridge Loan Agreements.

101. By virtue of Hidden Ridge's failure to make payments when due, Hidden Ridge has breached the terms of the Hidden Ridge Loan Agreements.

102. As of September 10, 2010, the amount due and owing on the Hidden Ridge Loan Agreements is the principal sum of $3,913,468.37, plus interest of $25,776.51, applicable late charges, loan fees, and interest accruing.

103. Under the terms of the Hidden Ridge Loan Agreements, Hillcrest Bank is entitled to recover its costs of collection, including reasonable attorneys' fees and expenses.

WHEREFORE, Hillcrest Bank prays for judgment against Hidden Ridge Building Corporation for the principal sum of $3,913,468.37, plus interest of $25,776.51, applicable late charges, loan fees, pre and post-judgment interest at the rate permitted by law, its court costs and attorneys' fees and expenses reasonably incurred herein, and any other, further relief that the Court deems just.

### COUNT IV: BREACH OF WINTERBERRY GUARANTIES
### (against Cordsen and Cordsen Trust)

104. Hillcrest Bank incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

105. Hillcrest Bank has complied with every term and condition of the Winterberry Loan Agreements and the Winterberry Guaranties, together with all subsequent modification thereto, and it has satisfied every condition precedent to bringing this action.

106. By virtue of Winterberry's default under the Winterberry Loan Agreements, Cordsen and Cordsen Trust are obligated to pay Hillcrest Bank the outstanding indebtedness of Winterberry pursuant to the Winterberry Guaranties.

107. Hillcrest Bank has made demand upon Cordsen and Cordsen Trust for all amounts due and owing under the Winterberry Loan Agreements, but they have refused to honor their obligations under the Winterberry Guaranties.

108. As of July 21, 2010, the amount due and owing on the Winterberry Note is the principal sum of $1,725,913.27, plus applicable late charges, costs, fees, expenses, and interest accruing at a per diem rate of $329.07.

109. Under the terms of the Winterberry Loan Agreements and the Winterberry Guaranties, Hillcrest Bank is entitled to recover its costs of collection, including reasonable attorneys' fees and expenses.

WHEREFORE, Hillcrest Bank prays for judgment, jointly and severally, against Jack H. Cordsen and the Jack H. Cordsen Trust UTA dated February 12, 2007, or his successor in trust, for the principal sum of $1,725,913.27, plus interest, applicable late charges, loan fees, interest at a per diem rate of $329.07, pre and post-judgment interest at the rate permitted by law, its court costs and attorneys' fees and expenses reasonably incurred herein, and any other, further relief that the Court deems just.

### COUNT V: BREACH OF WINTERBERRY LOAN AGREEMENT AND WINTERBERRY NOTE
### (against Winterberry)

110. Hillcrest Bank incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

111. Hillcrest Bank has complied with every term and condition of the Winterberry Loan Agreements, together with all modifications thereto, and it has satisfied every condition precedent to bringing this action.

112. Hillcrest Bank has made demand upon Winterberry for all amounts due and owing under the Winterberry Loan Agreements, but it has refused to honor its obligations and repay the amount owed under the Winterberry Loan Agreements.

113. By virtue of Winterberry's failure to make payments when due, Winterberry has breached the terms of the Winterberry Loan Agreements.

114. As of July 21, 2010, the amount due and owing on the Winterberry Note is the principal sum of $1,725,913.27, plus applicable late charges, costs, fees, expenses, and interest accruing at a per diem rate of $329.07.

115. Under the terms of the Winterberry Loan Agreements, Hillcrest Bank is entitled to recover its costs of collection, including reasonable attorneys' fees and expenses.

WHEREFORE, Hillcrest Bank prays for judgment against Winterberry Development, LLC for the principal sum of $1,725,913.27, plus applicable late charges, loan fees, expenses, and interest accruing at a per diem rate of $329.07, pre and post-judgment interest at the rate permitted by law, its court costs and attorneys' fees and expenses reasonably incurred herein, and any other, further relief that the Court deems just.

Hillcrest Bank requests a trial in Kansas City.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

 /s/ Kelly A. Campbell
| | |
|---|---|
| Kelly A. Campbell | MO #43452 |
| Chad C. Beaver | MO #54141 |
| J. Loyd Gattis | MO #59699 |

1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
(816) 474-8100
(816) 474-3216 (facsimile)
kcampbell@spencerfane.com
cbeaver@spencerfane.com
lgattis@spencerfane.com

ATTORNEYS FOR PLAINTIFF
HILLCREST BANK