IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HILLCREST BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-00967-CV-W-DGK |
| | ) | |
| JACK H. CORDSEN, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONNA RICE, et al., | ) | |
| | ) | |
| Counterclaim-Defendants. | | |

## ORDER GRANTING IN PART INDIVIDUAL MOTIONS TO DISMISS

This lawsuit arises out of a series of loans Hillcrest Bank made on two construction projects to Defendant developer Jack Cordsen and various entities controlled by him. Plaintiff Hillcrest Bank, N.A., ("Hillcrest, N.A.") the successor to Counterclaim Defendant Hillcrest Bank ("Hillcrest"),[1] alleges the Defendants have failed to repay the loans and make good on their loan guarantees. Defendants have counterclaimed against Hillcrest, various bank officers, and the board of directors alleging fraud, breach of fiduciary duty, and other financial torts.

Now before the Court are the individual Counterclaim Defendants' motions to dismiss. Specifically these motions are Donna Rice's Motion to Dismiss Counterclaim (doc. 25), Jon Forgey's Motion to Dismiss Counterclaim (doc. 27), Jeffrey Wheeler, Thomas Dryer, Paul Fingersh, George Lieberman, and Jerry White's joint Motion to Dismiss Counterclaim (doc. 43), Jack Fingersh's Motion to Dismiss Counterclaim (doc. 48), and Scott Asner's Motion to Dismiss

---

[1] Hillcrest Bank initiated this lawsuit on October 4, 2010. On October 22, 2010, banking regulators closed Hillcrest, the FDIC was appointed as receiver of Hillcrest's assets, and then the FDIC sold some of these assets to Hillcrest Bank, N.A., which has been substituted as the Plaintiff for Hillcrest.

Counterclaims (doc. 68).[2] Defendants argue[3] that various counterclaims against them should be dismissed or repled with particularity. Finding that various counts in the Counterclaim fail to state a claim or do not plead fraud with sufficient particularity, the motions are GRANTED IN PART.

**Standard of Review**

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

Rule 9(b) requires that allegations of fraud be pled with particularity. In practice, this typically requires the party alleging fraud "to identify the 'who, what, where, when, and how' of

---

[2] Plaintiff Hillcrest Bank, N.A., the successor to Hillcrest Bank, has filed a motion to dismiss (doc. 61) which the Court considers in a separate order.
[3] At the time the various motions to dismiss were filed, the individual Counterclaim Defendants were represented by different counsel. They are now all represented by the firm of Lewis, Rice & Fingersh, L.C., which filed a single reply brief on behalf of all the remaining individual Counterclaim Defendants. Hillcrest continues to be represented by Stinson Morrison Hecker. Counterclaim Defendant Adam LaBoda was dismissed from the lawsuit on March 14, 2011, and Counterclaim Defendant Irwin Blitt was never served in this case and formally dismissed from the litigation on May 23, 2011. The Court will not address the claims brought against them.

2

the alleged fraud." *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)).

## Discussion

**A.     Count I is dismissed against Rice.**

Count I of the Counterclaim is a breach of contract claim brought against Hillcrest and Rice. It alleges that Hillcrest entered into agreements with Defendant Winterberry, but does not allege that Rice entered into any contracts with Winterberry or the other Defendants. Rice contends this is fatal to the counterclaim, because the existence of a contract between the parties is an element of a breach of contract claim. Defendants argue that a person can be liable for breaching a contract even when they are not privy to the contract under a civil conspiracy theory, which is alleged in Count XVII.

The existence of a contract between the parties is an element of a breach of contract claim. *Lafarge N. Am. v. Discovery Group L.L.C.*, 574 F.3d 973, 979 (8th Cir. 2009) (citing *Evans v. Werle*, 31 S.W.3d 489, 493 (Mo. App. W.D. 2000)). The Counterclaim fails to allege this element against Rice, thus it fails to state a claim. Although conspiracy to breach a contract can be a plausible civil conspiracy claim under Missouri law, *Envirotech, Inc. v. Thomas*, 359 S.W.3d 577, 587 (Mo. Ct. App. 2008), to properly plead such a claim a litigant must plead both the civil conspiracy and the underlying unlawful act. *Id.* Count I says nothing about a conspiracy, and even if the Court looked beyond Count I to Count XVII for the conspiracy allegation, Count XVII does not make any detailed allegations about Rice's role in any alleged conspiracy to breach the Winterberry/Hillcrest agreement. Accordingly, Count I is dismissed without prejudice with respect to Rice.

3

**B.     The fraud allegations in Count VIII should be re-pled with particularity.**

**1.     The allegations against Rice as a corporate officer are sufficient to survive a motion to dismiss.**

Counterclaim Count VIII alleges fraudulent inducement against Rice and Hillcrest. An element of such a claim is a misrepresentation by the defendant. Rice alleges that this count should be dismissed against her because it fails to allege that she performed any act or omission, only that Hillcrest through her performed certain acts, and that she cannot be subject to personal liability for any misdeeds by the corporation.

Under Missouri law, "corporate officers may be held individually liable for the tortious corporate conduct if they have actual or constructive knowledge of, and participated in, an actionable wrong." *Zipper v. Health Midwest*, 978 S.W.2d 398 (Mo. Ct. App. 1998). Assuming as the Court must that the factual allegations in the Complaint are true and giving Defendants the benefit of all reasonable inferences, the Court holds Rice had actual knowledge of false statements that she herself, acting as an officer of the bank, made to Cordsen. These are statements such as, "Jack, the bank doesn't want your house," when Rice had full knowledge of Hillcrest's true intent, which allegedly was to effectively terminate Cordsen's loans with Hillcrest by intentionally underfunding the development of Winterberry's infrastructure, inducing Cordsen to sign over his homes as additional collateral, misapplying proceeds from the sale of the Lake Home, and foreclosing on different properties. This is sufficient to survive a 12(b)(6) motion to dismiss.

**2.     The fraud allegations are not pled with particularity.**

Rice also alleges that this count fails to allege fraud with particularity. Although the Counterclaim occasionally alleges who said what, it fails to sufficiently allege the where, when,

4

and how of the alleged fraud.  For example, although paragraph 76 alleges that Rice told Cordsen, "Jack, the bank doesn't want your house," and that Rice asked Cordsen to "help us out" because Hillcrest was having problems with an Arizona golf course development, it does not allege where or when this conversation took place, or supply any other relevant details.  Other paragraphs in the Counterclaim fail to supply even this much information.  Paragraphs 63 and 64 generically allege that "Hillcrest, through Rice, unabashedly told Cordsen that Hillcrest believed it had a fiduciary relationship with Cordsen as one of the bank's key customers and as part of the bank's Ethics Policy," and that "Hillcrest continued to affirm this special relationship with Cordsen from 2004 to 2009."  But they do not supply the what, where, when, or how.  This is not pleading with particularity.

Accordingly, Defendant shall file an amended counterclaim Count VIII setting forth all fraud allegations with particularity.

**3.      The alleged misrepresentations are sufficient to support an inducement claim at this stage in the litigation.**

Rice also argues that the purported misrepresentations she allegedly made to Cordsen cannot support a claim for fraudulent inducement, because the statements relate only to predictions of future events.  Although there is an exception to this rule concerning promises to take future action with the present intent not to perform, *see Trotter's Corp. v. Ringleader Rest., Inc.*, 929 S.W.2d 935, 940 (Mo. Ct. App. 1996) (noting exception), Rice contends this exception does not apply here.

There is no merit to this argument.  The Counterclaim sufficiently alleges that Hillcrest and Rice made these representations with the requisite present intent not to perform that the

5

statements fall under the exception. That said, the allegations are still not pled with sufficient particularity.

**4.    Whether reliance on any misrepresentation was justifiable will be determined at the summary judgment stage of the litigation.**

Finally, Rice alleges that any misrepresentation by her cannot be actionable as a matter of law because a misrepresentation claim requires justifiable reliance by the claimant. *Lafarge N. Am., Inc. v. Discovery Group L.L.C.*, 574 F.3d 973, 981 (8th Cir. 2009). Rice contends that because the loan documents signed by Defendants expressly state that they contain all of the agreements between the parties and can only be amended in writing, this precludes a finding that Defendants justifiably relied on any misrepresentations. Defendants argue that the provision in Missouri's Credit Agreement Statute of Frauds restricting a debtor from maintaining an action against a creditor based on that creditor's oral representations contains an exception to prevent fraud or gross injustice, and that this exception applies here. Rice does not address this argument in her reply.

The Court holds that whether any misrepresentation by Rice can be actionable in light of the express terms of the loan agreements is a question that should be answered at the summary judgment stage of the litigation.

**C.    Count IX should be re-plead with particularity.**

Count IX alleges fraud against Hillcrest, Rice, Jon Forgey, and Jeffrey Wheeler. The claim incorporates by reference the other fraud allegations in the Counterclaim. Rice, Forgey and Wheeler argue that these allegations are not pled with the requisite particularity.

6

Given that these allegations incorporate the previous fraud allegations which were insufficient, the Court holds the fraud allegations in Count IX are also insufficient. Defendant shall file an amended counterclaim setting forth all fraud allegations with particularity.

**D.      Count X should be re-pled with particularity.**

Count X alleges fraudulent nondisclosure against Hillcrest, Hillcrest's Directors (Scott Asner, Thomas Dreyer, Jack Fingersh, Paul Fingersh, George Lieberman, Jerry White, and Jeffrey Wheeler),[4] and Rice.[5] Fraudulent nondisclosure is very similar to fraudulent misrepresentation, except that it substitutes silence for overt misrepresentation and alleges that the defendant had a duty to speak.

**1.      Count X successfully pleads fraudulent nondisclosure against Rice, but not against the other individual Counterclaim Defendants.**

Rice first argues this claim must fail against her because there was no legal duty for her to speak. Under Missouri law a duty to speak arises "(1) where there is a fiduciary relationship between the parties or a relationship of confidence; (2) where there is an inequality of condition between the parties; and (3) where one party has superior knowledge not within the fair and reasonable reach of the other party." *Slater v. KFC Corp.*, 621 F.2d 932, 936 (8th Cir. 1980). The Court finds the Counterclaim alleges, albeit not with particularity, facts that satisfy all of these conditions with respect to Rice. With respect to the Directors, the Court finds this count fails to make a single non-cursory factual allegation against them, thus it fails to state a claim and is dismissed without prejudice with respect to them.

---

[4] There is some discrepancy in the parties' filings concerning how the individual Counterclaim Defendants' were employed by Hillcrest. As best the Court can determine remaining Defendants Scott Asner, Thomas Dreyer, Jack Fingersh, Paul Fingersh, George Lieberman, Jerry White, and Jeffrey Wheeler were all members of Hillcrest's board of directors.

[5] The allegations in the body of Count X name Rice, and the prayer for relief seeks recovery from Rice, but the caption does not name her. This appears to be a clerical error and she is named in this count.

7

### 2. The fraud allegations should be re-pled with particularity.

Because these allegations incorporate the previous ones which were pled with insufficient particularity, they do not comply with Rule 9(b). Defendant shall file an amended counterclaim setting forth all fraud allegations with particularity.

### E. Count XI should be re-pled with particularity and clarify whether it is stating a claim for relief against Rice and Forgey.

The caption for Count XI asserts a claim for negligent misrepresentation against Hillcrest, Rice, Forgey, and Wheeler. With respect to the claims against Forgey and Wheeler, the Court finds that this count fails to make a single non-cursory factual allegation against them, thus it should be dismissed without prejudice against them for failure to state a claim.

Additionally, the Court notes that although the caption and the body of the allegation states that it is brought against Rice and Forgey, the prayer for relief does not explicitly seek any relief from either of them. Because the text of Rule 8(a)(3) provides that, "A pleading . . . must contain . . . (3) a demand for the relief sought, which may include relief in the alternative or different types of relief," Defendants must re-pled this count to make clear whether relief against Rice is sought, and if so, what relief. If Defendants seek to re-file this claim against Forgey, they must make clear what relief they seek against him.

Additionally, because these allegations incorporate previous ones which were pled with insufficient particularity, they do not comply with Rule 9(b). Defendant shall file an amended counterclaim setting forth all fraud allegations with particularity.

### F. Count XII and XIII are dismissed without prejudice.

Count XII asserts a claim for a breach of good faith and fair dealing, and Count XIII asserts a claim for the tort of breach of good faith and fair dealing, a tort which is independent of

Chapter 400 of Missouri's statutory code (the Uniform Commercial Code). *Killion v. Bank Midwest, N.A.*, 987 S.W.2d 801, 813 (Mo. Ct. App. 1998). Both claims are brought against Hillcrest, Rice, Forgey, and Wheeler.

They move to dismiss Count XII on the grounds that there was no contractual relationship between them and Defendants. Defendants contend the contractual liability was created when they allegedly participated in the civil conspiracy with Hillcrest to violate the loan agreement. In dismissing Count I against Rice the Court has already held that the Counterclaim fails to allege the existence of any contractual relationship between Rice and Defendants, thus Count XII should be also dismissed without prejudice against Rice. The Court now also finds that the Counterclaim fails to allege any contract between the Defendants and Forgey and Wheeler, thus Count XII should be dismissed without prejudice against Forgey and Wheeler as well.

With respect to Count XIII, the Court notes Missouri recognizes the tort of breach of good faith and fair dealing only where there is a contract between the parties and "the contract places the contractors in a special relationship or status which the law protects." *Killion v. Bank Midwest, N.A.*, 987 S.W.2d 801, 813 (Mo. Ct. App. 1998). Because Defendants have failed to allege the existence of any contractual relationship between themselves and the individual Counterclaim Defendants, this claim must also dismissed without prejudice against them.

**G.** **Count XIV fails to state a claim against Forgey and Wheeler.**

Count XIV alleges that Hillcrest, Rice, Forgey, and Wheeler established a fiduciary relationship with Defendants by telling Cordsen that Hillcrest was a bank in which he could place his trust and confidence. Rice, Forgey, and Wheeler allege that as a matter of law this is insufficient to establish a fiduciary relationship giving rise to a fiduciary duty on their part.

9

A bank does not have a fiduciary relationship with its customers "'unless special circumstances exist, such as where the bank knows or has reason to know that the customer is placing his trust and confidence in the bank and is relying on the bank so to counsel and inform him.'" *Pigg v. Robertson*, 549 S.W.2d 597, 600 (Mo. Ct. App. 1977) (quoting *Klein v. First Edina Nat'l Bank*, 196 N.W.2d 619, 623 (Minn. 1972). Defendants allege that because of the statements Rice, Forgey, and Wheeler allegedly made to Cordsen, they knew, or had reason to know, that Defendants were placing their trust in the them and were relying on them to inform them. Given the factual allegations made elsewhere in the Complaint and incorporated in this count, the Court holds the allegations against Rice are sufficient to survive a 12(b)(6) motion to dismiss, but do not state a plausible claim for relief against Forgey and Wheeler. Consequently, Count XIV is dismissed without prejudice against Forgey and Wheeler only.

**H.     The motion is denied with respect to Count XVI.**

Count XVI alleges that Hillcrest and the Directors negligently failed to supervise Rice, Forgey, and Wheeler. The Directors argue this claim should be dismissed because (1) they may only be held liable for failure to control an employee who is acting outside the scope of the employee's employment, and the allegations throughout the Counterclaim are that the employees were always acting within the scope of their employment; (2) under Missouri law only an employer, not an individual board member, may be liable for failure to supervise; and (3) this count fails to allege facts which would allow the Court to infer that the directors had knowledge of, or participated in, any underlying tort. With respect to the first two arguments, the Directors have failed to supply the Court with any convincing authority supporting their position. The sole citation supplied by the Directors, *Gibson v. Brewer*, 952 S.W.2d 239, 247 (Mo. 1997), is not particularly analogous or on point, and so the Directors have not carried their burden. With

10

respect to the third argument, the Court finds the Counterclaim alleges facts from which one could infer that the Directors negligently failed to supervise Rice, Forgey, and Wheeler.

The motion is denied with respect to Count XVI.

**I.      Count XVII is dismissed for failure to state a claim because the allegations are insufficiently specific and the cannot be brought against employees.**

Count XVII alleges that all of the Counterclaim Defendants engaged in a civil conspiracy against Defendants "with an object to be accomplished to among other things commit fraud, negligent misrepresentation, negligently and maliciously breaching [sic] agreements with Defendants, breaching [sic] fiduciary duties to the Defendants, and failing to supervise employees and agents of Hillcrest among other things."  The individual Counterclaim Defendants argue this claim should be dismissed against them because (1) it fails to allege specific facts; (2) is inapplicable to them because they are all agents, and a principal cannot conspire with its own agent; and (3) fails to plausibly allege any underlying tort.

A civil conspiracy claim under Missouri law must allege that two or more persons with an unlawful objective after a meeting of the minds committed at least one act in furtherance of the conspiracy, and that the plaintiff was thereby injured.  *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1063 (8th Cir. 2005).  While detailed facts are not required, facts are required.  *See id.*  The allegations in Count XVII are little more than a formulaic recitation of the elements, thus they do not state a claim to relief that is plausible on its face.

Even if this claim was pled with the requisite specificity though, it would still fail against the individual Counterclaim Defendants.  As a matter of law, a principal cannot conspire with its own agent, *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002), thus an employer

11

cannot conspire with an employee. While there is an exception to this rule "if the agent acts out of a self-interest which goes beyond the agency relationship," *Macke Laundry Serv. Ltd. P'ship v. Jetz Serv. Co., Inc.*, 931 S.W.2d 166, 176 (Mo. Ct. App. 1996), there is no allegation here that the individual Counterclaim Defendants were acting out of any self-interest beyond their employment relationship with Hillcrest Bank. Accordingly, Count XVII is dismissed without prejudice against the individual Counterclaim Defendants.

**G.     Count XVIII is dismissed for failure to state a claim.**

Defendants' final counterclaim, Count XVIII, asserts a claim for prima facie tort against all the Counterclaim Defendants. As the Eighth Circuit Court of Appeals has noted, "[a] claim alleging a prima facie tort is disfavored under Missouri law, particularly when a party has another remedy or other potentially submissible tort claims available." *Tamko Roofing Prods., Inc. v. Smith Eng'g Co.*, 450 F.3d 822, 830 (8th Cir. 2006) (quotation omitted). In fact, no plaintiff's verdict has ever been affirmed in Missouri on this tort. *Riley v. Riley*, 847 S.W.2d 86, 87 (Mo. Ct. App. 1992). It is a limited theory of recovery whose elements are (1) an intentional unlawful act by a defendant; (2) defendant's intent to injure the plaintiff; (3) injury to the plaintiff; and (4) absence of or insufficient justification for defendant's act. *Tamko Roofing* at 831.

The Court holds Count XVIII fail to establish two elements. First, it fails to establish the first element that the individual Counterclaim Defendants engaged in an intentional lawful act, rather it incorporates allegations from the preceding counts to allege that the Counterclaim Defendants engaged in a series of *unlawful* actions for which they should be liable. Obviously, these unlawful acts alleged in the preceding counts do not establish a lawful act that satisfies the first element.

12

There is also no plausible allegation of the fourth element, lack of justification. Although the Counterclaim generically alleges "[t]here was no justification, or any purported by the Conspiring Parties, was insufficient justification for their actions," this does not allege a prima facie case. Holdings in analogous cases establish that neither refusal to loan more funds, nor foreclosure are enough to evidence the requisite intent to injury, *Shaughnessy v. Mark Twain State Bank*, 715 S.W.2d 944, 948-49 (Mo. Ct. App. 1986), and that a bank's demand for additional collateral and refusal to renew loan with knowledge that borrower would be reduced to bankruptcy cannot establish a viable prima facie tort claim. *Rigby Corp. v. Boatman's Bank & Trust Co.*, 713 S.W.2d 517, 545 (Mo. Ct. App. 1986). Consequently the acts Defendants complain about here are insufficient to state a claim. Consequently, Count XVIII is dismissed without prejudice against all of the individual Counterclaim Defendants.

## Conclusion

For the reasons outlined above the various motions to dismiss are GRANTED IN PART. Counterclaim Count I is dismissed without prejudice against Rice; Counterclaim Counts XII and XIII are dismissed without prejudice against Defendants Hillcrest, Rice, Forgey, and Wheeler; Counterclaim Count XIV is dismissed without prejudice against Forgey and Wheeler only; Counterclaim Counts XVII and XVIII are dismissed without prejudice against all of the Counterclaim Defendants except Hillcrest; and all fraud allegations in Counterclaim Counts VIII, IX, X, and XI must be re-plead with particularity.

**IT IS SO ORDERED.**

Date: June 1, 2011                    /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT