**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| HILLCREST BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-00967-CV-W-DGK |
| | ) | |
| JACK H. CORDSEN, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONNA RICE, et al., | ) | |
| | ) | |
| Counterclaim-Defendants. | | |

## <u>ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM</u>

This lawsuit arises out of a series of loans Hillcrest Bank made on two construction projects to Defendant developer Jack Cordsen and various entities controlled by him. Plaintiff Hillcrest Bank, N.A., ("Hillcrest, N.A.") the successor to Counterclaim Defendant Hillcrest Bank ("Hillcrest"),[1] alleges the Defendants have failed to repay the loans and make good on their loan guarantees. Defendants have counterclaimed against Hillcrest, various bank officers, and the board of directors alleging fraud, breach of fiduciary duty, and other financial torts.

Now before the Court is Counterclaim Defendant Hillcrest's Motion to Dismiss Counterclaim (doc. 61). Hillcrest argues that the counterclaims against it are barred because it ceased to exist or to be a party as of its closing prior to the filing of the Counterclaim, that the counterclaims are barred by operation of 12 U.S.C. §§ 1821(d)(9) and 1823(e) because they are not based upon the written records of the bank available for review by the examiners and

---

[1] Hillcrest Bank initiated this lawsuit on October 4, 2010. On October 22, 2010, banking regulators closed Hillcrest, the FDIC was appointed as receiver of Hillcrest's assets, and then the FDIC sold some of these assets to Hillcrest Bank, N.A., which has been substituted as the Plaintiff for Hillcrest.

creditors of Hillcrest, and that the two claims which arguably are based on written records fail to state a claim for which relief can be granted.

Finding that Hillcrest ceased to exist prior to when the Counterclaim was filed, the Counterclaim is dismissed against Hillcrest. The Court does not reach the other arguments raised in the motion to dismiss.

## Standard of Review

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

## Factual Background

Counterclaim Defendant Hillcrest Bank ("Hillcrest") was a Kansas banking corporation organized and existing under the laws of Kansas. Hillcrest brought this action on October 4, 2010, to recover from Defendants on various loan agreements, promissory notes, and guaranties

executed by Defendants.  Hillcrest was closed by banking regulatory authorities on October 22, 2010, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver of Hillcrest's assets, and the FDIC sold certain of those assets to Hillcrest Bank, N.A. ("Hillcrest, N.A.").

On November 24, 2010, Defendants filed their Answer and Counterclaim (doc. 19).  On December 13, 2010 the Court granted Hillcrest, N.A.'s motion to be substituted as Plaintiff in this action.  The Court did not substitute Hillcrest, N.A. as a Counterclaim Defendant.  The Counterclaim asserts eighteen counts of liability against Hillcrest.  The Counterclaim does not name the FDIC or Hillcrest, N.A., as defendants.

## Discussion

A bank that has been closed and placed in FDIC receivership ceases to exist and may not be sued.  *See McAninch v. Wintermute*, 491 F.3d 759, 767 (8th Cir. 2007); *Chancey v. Washington Mut. Assetbacked Certificates WMABS Series 2007-HE2 Trust*, No. CV 10-3007-CL, 2010 WL 3001178, at *4 (D. Or. July 27, 2010); *see also FDIC v. Mallen*, 486 U.S. 230, 238 n.7 (1988) (dicta observing that a bank that is the subject of a purchase and assumption transaction "arguably no longer exists").  Hillcrest was closed and placed in FDIC receivership on October 22, 2010, so it did not exist on November 24, 2010 when Defendants filed their Counterclaim, thus Hillcrest cannot be a party to this action.

Accordingly, the motion to dismiss (doc. 61) is GRANTED.

**IT IS SO ORDERED.**

Date:  June 28, 2011                         /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT