# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| HILLCREST BANK, N.A., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 10-00967-CV-W-DGK |
| JACK H. CORDSEN, et al., | ) | |
| Defendants, | ) | |
| v. | ) | |
| DONNA RICE, et al., | ) | |
| Counterclaim-Defendants. | ) | |

## ORDER STRIKING DEMAND FOR JURY TRIAL

This lawsuit arises out of a series of loans Hillcrest Bank made on two construction projects to Defendant developer Jack Cordsen and various entities controlled by him. Plaintiff Hillcrest Bank, N.A., ("Hillcrest, N.A.") alleges the Defendants have failed to repay the loans and make good on their loan guarantees. Defendants have filed a counterclaim alleging fraud, breach of fiduciary duty, and other financial torts.

Now before the Court is Hillcrest, N.A.'s Motion to Strike Defendants' Demand for Jury Trial (doc. 98). Hillcrest, N.A. argues tha the claims and counterclaims in this case arise out of litigation over the loan documents, and that the loan documents all contain enforceable jury trial waivers, thus Defendants' jury trial demand should be stricken. Defendants argue that issues of fact exist as to whether the jury waivers were voluntarily executed, and the Court should deny the motion. Finding that the waivers were voluntarily executed and are enforceable, the Motion is GRANTED.

## Standard of Review

Federal law governs the validity of a jury waiver clause in a diversity action. *Simler v. Conner*, 372 U.S. 221, 222 (1963). And a party may contract to waive its right to a jury trial. *Nw. Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 373 F.2d 136, 142 (8th Cir. 1967). Jury trial waivers are common in loan agreements and loan guarantees and are regularly enforced. 8 J. Moore et al., Moore's Federal Practice - Civil § 38.52[3][a] (3d ed. 2011). For a contractual waiver to be valid, it must be made "knowingly and voluntarily." *Popular Leasing USA, Inc. v. Nat'l Restoration Sys., Inc.*, No. 4:04 CV 01629, 2005 WL 2033423, at *2 (E.D. Mo. Aug. 23, 2005). In determining whether a contractual waiver was entered into knowingly and voluntarily, federal courts consider the negotiability of contract terms and any negotiations between the parties concerning the waiver provision, the conspicuousness of the provision in the contract, the relative bargaining power of the parties, the business acumen of the party opposing the waiver, and whether counsel for the party opposing waiver had an opportunity to review the agreement. 8 J. Moore et al., § 38.52[3][c].

There is a split in the circuits regarding which party bears the burden of proving whether a jury waiver was knowing and voluntary. *Compare Leasing Serv. Corp. v. Crane,* 804 F.2d 828, 833 (4th Cir. 1986) (holding the party seeking to enforce the waiver bears the burden of proving knowing and voluntary consent) *with K.M.C. Co. v. Irving Trust Co.,* 757 F.2d 752, 758 (6th Cir.1985) (holding the party seeking to avoid waiver bears the burden of proving lack of knowing and voluntary consent). Although the Eighth Circuit has not explicitly ruled on this question, courts within the circuit "have generally held that the party attempting to enforce the waiver has the burden of proving the waiver is 'knowing' and 'voluntary.'" *Thomas v. Vista A & S 2006-I LLC,* No. 4:09CV3143, 2010 WL 3119802, at *1 (D.Neb. Aug.5, 2010). The Court

does not need to answer this question here because the record clearly demonstrates that Defendants knowingly and voluntarily consented to the jury waivers.

## Applicable Factual Background

Hillcrest, N.A. seeks to recover against Defendants upon various loan agreements, promissory notes, and guaranties executed by Defendants. In their answer, Defendants admitted the accuracy of the copies of the loan documents attached to the Complaint. Each of the loan documents contains a jury trial waiver which states as follows:

> All of the parties to this Agreement knowingly and intentionally, irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Agreement or any other related loan document or related obligation. All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so.

The loan documents are not unusually lengthy, and the jury waiver provision is conspicuous because the title "WAIVER OF JURY TRIAL" is typed in bold letters. The waiver provision appears just above the signature line on the documents. On at least two occasions Defendant Cordsen, a real estate developer in the Jackson County area for 51 years, marked his initials next to the jury trial waiver provisions. He reviewed the documents extensively, but made no attempt to negotiate or delete the jury trial waiver. Finally, Defendants admit that they had other banking relationships with other financial institutions when their business was solicited by Hillcrest Bank, the predecessor to Hillcrest, N.A., so the Court infers that Defendants had at least some leverage to negotiate the waiver provision.

## Discussion

Given the record before it, the Court holds Defendants' jury waivers were made knowingly and voluntarily, and should be enforced. The Court finds that the waiver provisions in the contract were conspicuous and that Defendants were aware of them. The Court also finds that as a real estate developer with 51 years experience, Mr. Cordsen had sufficient business acumen to understand that he was waiving his right to a jury trial when he signed the contract, and although counsel for Defendants did not actually review the loan documents containing the waiver provisions, counsel had an opportunity to do so and could have done so if Defendants had wanted counsel to review it. As far as the parties' relative bargaining power is concerned and the negotiability of the contract terms, the Court finds Defendants had at least some power to negotiate the provisions of the loan documents, they simply declined to exercise it. There is no evidence that the Hillcrest would have refused to negotiate with respect to these provisions. Accordingly, the jury waivers were entered into knowingly and voluntarily.

## Conclusion

The Motion to Strike Defendants' Demand for Jury Trial (doc. 98) is GRANTED.

**IT IS SO ORDERED.**

Date: July 5, 2011           /s/ Greg Kays
                             GREG KAYS, JUDGE
                             UNITED STATES DISTRICT COURT