## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HILLCREST BANK, N.A., | ) |
| Substituted Plaintiff, | ) |
| | ) Case No. 10-CV-00967-DGK |
| v. | ) |
| DONNA RICE, | ) |
| JEFFREY F. WHEELER, | ) |
| JON FORGEY, | ) |
| THOMAS S. DREYER, | ) |
| JACK N. FINGERSH, | ) |
| PAUL FINGERSH, | ) |
| GEORGE LIEBERMAN, | ) |
| JERRY M. WHITE, | ) |
| SCOTT ASNER, | ) |
| Counterclaim-Defendants | ) |
| v. | ) |
| JACK H. CORDSEN, | ) |
| JACK H. CORDSEN TRUST UTA, | ) |
| HIDDEN RIDGE BUILDING CORPORATION, | ) |
| WINTERBERRY DEVELOPMENT, LLC, | ) |
| Defendants/Counterclaim Plaintiffs. | ) |

**SEPARATE ANSWER OF COUNTERCLAIM-DEFENDANTS
RICE, FORGEY, WHEELER, DREYER, J. FINGERSH, P. FINGERSH, LIEBERMAN,
WHITE AND ASNER TO PLAINTIFF'S FIRST AMENDED COUNTERCLAIM**

COME NOW Counterclaim-Defendants Rice, Forgey, Wheeler, Dreyer, J. Fingersh, P. Fingersh, Lieberman, White and Asner (Counterclaim-Defendants Wheeler, Dreyer, J. Fingersh, P. Fingersh, Lieberman, White and Asner shall be referred to collectively herein as the "**Directors**") and for their separate reply to Defendants' Counterclaim herein, state as follows:

1. That these Counterclaim-Defendants admit the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 41, 42, 43, 44, 48, 83, and 108.

2. That these Counterclaim-Defendants deny the allegations of paragraphs 19, 21, 22, 26, 31, 32, 36, 37, 38, 46, 47, 53, 55, 57, 59, 60, 61, 62, 63, 64, 65, 66, 69. 70, 71, 72, 73, 76, 77, 78, 79, 80, 85, 86, 87, 88, 91, 92, 93, 94, 95, 96, 97, 98, 99, 102, 103, 106, 107, 109, and 110.

3. That these Counterclaim-Defendants are without knowledge as to the truth or falsity of the allegations of paragraphs 24, and 25, and therefore, deny same.

4. That any statement or averment which is not specifically admitted herein including, without limitation, the context of said averment is denied.

5. With respect to paragraph 1 of Defendants' Counterclaim, these Counterclaim-Defendants state that Hillcrest was at all times pertinent hereto the National Banking Association with its main offices located in the state of Kansas, but deny the remainder of the allegations of paragraph 1.

6. With respect to paragraph 15 of Defendants' Counterclaim, these Counterclaim-Defendants admit that a course of dealing developed between Hillcrest and Cordsen, but deny the remainder of the allegations of paragraph 15 and specifically deny that the course of dealing was as described by Cordsen.

2

7. With respect to paragraph 17 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Cordsen had banking relationships with other financial institutions, but deny the remainder of the allegations of paragraph 17.

8. With respect to paragraph 18 of Defendants' Counterclaim, these Counterclaim-Defendants state that loan documents were prepared for Cordsen, but deny the remainder of the allegations of paragraph 18.

9. With respect to paragraph 20 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Hillcrest was unwilling to customize its documents for Cordsen, but deny the remainder of the allegations of paragraph 20.

10. With respect to paragraph 23 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Hillcrest refused to make any changes to loan documents, but deny the remainder of the allegations of paragraph 23.

11. With respect to paragraph 27 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Hillcrest provided 100% financing to Cordsen on certain projects, but deny the remainder of the allegations of paragraph 27.

12. With respect to paragraph 28 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Hillcrest typically provided an interest reserve on all of Cordsen's projects, but deny the remainder of the allegations of paragraph 28.

13. With respect to paragraph 29 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Hillcrest did conduct its business with the highest standards of honesty and fairness, but deny the remainder of the allegations of paragraph 29, and, in particular, deny that any statements were made to this effect to Cordsen.

14. With respect to paragraph 30 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Hillcrest's ethics policy exists, which policy speaks for itself, but deny the remainder of the allegations of paragraph 30.

15. With respect to paragraph 33 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Hillcrest adhered to high standards of honesty and fairness, but deny the remainder of the allegations of paragraph 33.

16. With respect to paragraph 34 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Cordsen's primary contacts during certain periods of his relationship with Hillcrest were with Rice and Forgey, but deny the remainder of the allegations of paragraph 34.

17. With respect to paragraph 35 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Rice and Forgey had hundreds of telephone conversations and meetings with Cordsen to discuss various personal and business financial matters, but deny the remainder of the allegations of paragraph 35.

18. With respect to paragraph 39 of Defendants' Counterclaim, these Counterclaim-Defendants are without knowledge as to whether or not Cordsen held Rice and Forgey in high regard and placed his trust in them, and therefore deny same, these Counterclaim-Defendants deny the remainder of the allegations of paragraph 39.

19. With respect to paragraph 40 of Defendants' Counterclaim, these Counterclaim-Defendants do not recall this specific communication, but admit that at times during the relationship, Cordsen was a good customer of Hillcrest and that, at times, Hillcrest was interested in reviewing additional loan requests from Cordsen, but deny the remainder of the allegations of paragraph 40.

20. With respect to paragraph 45 of Defendants' Counterclaim, these Counterclaim-Defendants admit that when sales of units slowed at Hidden Ridge, Cordsen adopted a second marketing strategy for the Hidden Ridge project involving the rental of unsold condominium units, but deny the remainder of the allegations of paragraph 45.

21. With respect to paragraph 49 of Defendants' Counterclaim, these Counterclaim-Defendants admit that in an effort to obtain loan approval from Hillcrest, Cordsen and Winterberry provided Hillcrest with detailed budgets for the Winterberry project, including the cost of land and construction and infrastructure, but deny the remainder of the allegations of paragraph 49.

22. With respect to paragraph 50 of Defendants' Counterclaim, these Counterclaim-Defendants admit that at the inception of the origination of the original loan for the Hidden Ridge project, no additional collateral was required other than the project itself, but deny the remainder of the allegations of paragraph 50.

23. With respect to paragraph 51 of Defendants' Counterclaim, these Counterclaim-Defendants admit that with respect to the origination of the initial loan with respect to Hidden Ridge and many of the renewals, the budget for the loan as provided by Cordsen and the loan as approved by the loan committee permitted 100% financing, but deny the remainder of the allegations of paragraph 51.

24. With respect to paragraph 52 of Defendants' Counterclaim, these Counterclaim-Defendants do not recall the specific conversation as set forth in said paragraph, and therefore, deny the same. However, these Counterclaim-Defendants admit that it was generally true that as to real estate developer customers, a limited number of them had put together deals which would

permit 100% financing to be approved by the loan committee. These Counterclaim-Defendants deny the remainder of the allegations of paragraph 52.

25. With respect to paragraph 54 of Defendants' Counterclaim, these Counterclaim-Defendants admit that loan approvals for customers like Cordsen generally matured in one year, at which time said loans were required to go through the renewal process and the approval process for renewal which included re-evaluation of the status and value of the project, and required approval of the loan committee, but deny the remainder of the allegations of paragraph 54.

26. With respect to paragraph 56 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Hillcrest knew that the Winterberry project was dependent upon certain construction by Barnhart and Tharpe, but deny the remainder of the allegations of paragraph 56.

27. With respect to paragraph 58 of Defendants' Counterclaim, these Counterclaim-Defendants admit Hillcrest was aware that there was an agreement between Barnhart and Tharpe and Winterberry with respect to roads and utilities, but deny the remaining allegations of paragraph 58.

28. With respect to paragraph 61 of Defendants' Counterclaim, these Counterclaim-Defendants deny each and every allegation of paragraph 61 and each and every subpart thereof, although certain subparts have partial statements which are partially accurate, but taken out of context.

29. With respect to paragraph 67 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Cordsen pledged two homes as additional collateral for projects with the bank, but deny the remainder of the allegations of paragraph 67.

30. With respect to paragraph 68 of Defendants' Counterclaim, these Counterclaim-Defendants do not recall the specifics of the conversation, but admit that Rice may have said at some point "Jack, the bank doesn't want your house," or words to that effect, but deny the remainder of the allegations of paragraph 68 and deny the context described in paragraph 68.

31. With respect to paragraph 74 of Defendants' Counterclaim, these Counterclaim-Defendants admit that, with respect to certain renewals of the Hidden Ridge project loan, Hillcrest demanded a principal pay down <u>or a pledge of additional collateral</u>, would be required, but deny the remainder of the allegations of paragraph 74.

32. With respect to paragraph 75 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Cordsen sold his Lake of the Ozarks home for $1.6 million, but deny the remainder of the allegations of paragraph 75.

33. With respect to paragraph 81 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Hillcrest was taken over by the FDIC and certain of its assets sold to another company, but deny the remainder of the allegations of paragraph 81.

34. With respect to paragraph 82 of Defendants' Counterclaim, these Counterclaim-Defendants admit that at one point, Hillcrest may have met with Cordsen, Mr. Tharpe, and Mr. Barnhart, but deny the remainder of the allegations of paragraph 82.

35. With respect to paragraph 84 of Defendants' Counterclaim, these Counterclaim-Defendants admit that the principal balance was reduced on both the Cordsen loans and the Barnhart and Tharpe loans, but deny the remainder of the allegations of paragraph 84.

36. With respect to paragraph 89 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Cordsen was probably advised at some point that Hillcrest was insecure on the projects (or words to that effect) and that Hillcrest had not received updated appraisals on

7

these projects (or words to that effect), but deny the remainder of the allegations of paragraph 89, including the context related to said conversations.

37. With respect to paragraph 90 of Defendants' Counterclaim, these Counterclaim-Defendants admit that Forgey was present during many conversations between Rice and Cordsen, but deny the remainder of the allegations of paragraph 90 and each and every subpart thereof.

38. With respect to paragraph 100 of Defendants' Counterclaim, these Counterclaim-Defendants admit that after Cordsen and his various projects defaulted, Hillcrest moved forward on its collection efforts with respect to collateral pledged, but deny reminder of the allegations of paragraph 100.

39. With respect to paragraph 101 of Defendants' Counterclaim, these Counterclaim-Defendants admit that the bank had the power to utilize its discretion to apply the proceeds of sales of collateral in the manner it deemed fit, but deny the remainder of the allegations of paragraph 101.

40. With respect to paragraph 104 of Defendants' Counterclaim, these Counterclaim-Defendants admit that there came a point in time in which the Winterberry loan was reworked for a lower total amount, but deny the remainder of the allegations of paragraph 104.

41. With respect to paragraph 105 of Defendants' Counterclaim, these Counterclaim-Defendants admit that at a point in time the Barnhart and Tharpe loans were reworked for a lower amount, but deny the remainder of the allegations of paragraph 105.

## AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS

42. That the First Amended Counterclaim and each count thereof fail to state a claim or cause of action upon which relief may be granted.

43. That the claims set forth in the First Amended Counterclaim are barred by the applicable statute of frauds.

44. That the claims set forth in the First Amended Counterclaim are barred by Defendants' prior material breach of the agreements between Hillcrest and said Defendants.

45. That the claims set forth in the First Amended Counterclaim are barred by the doctrines of waiver, estoppel and acquiescence.

### COUNT I – FRAUDULENT MISREPRESENTATION
**(Against Rice and Forgey)**

46. These Counterclaim-Defendants incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

47. That Count I of this Amended Counterclaim does not apply against the Directors and therefore, no response is required. To the extent a responses are necessary as a foundation for later responses, the Directors adopt the responses set forth herein to Count I.

48. That these Counterclaim-Defendants admit the allegations of paragraphs 112 and 113.

49. That these Counterclaim-Defendants deny the allegations of paragraphs 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, and 126.

WHEREFORE, having fully answered, the Counterclaim-Defendants against whom this Count is directed pray that judgment be entered against Defendants/Counterclaim-Plaintiffs in this matter, for their costs herein incurred and for such additional relief as the Court deems just and proper in the premises.

### COUNT II – FRAUDULENT MISREPRESENTATION
**(Against Rice)**

50. These Counterclaim-Defendants incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

51. That Count II of this Amended Counterclaim does not apply to Counterclaim Defendants Forgey or the Directors and therefore, no response is required. To the extent a responses are necessary as a foundation for later responses, Forgey and the Directors adopt the responses set forth herein to Count II.

52. That these Counterclaim-Defendants deny the allegations of paragraphs 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, and 139.

WHEREFORE, having fully answered, Counterclaim-Defendant Rice prays that judgment be entered against Defendants/Counterclaim-Plaintiffs in this matter, for her costs herein incurred and for such additional relief as the Court deems just and proper in the premises.

## **COUNT III – FRAUDULENT NONDISCLOSURE**
**(Against Rice and Forgey)**

53. These Counterclaim-Defendants incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

54. That Count III of this Amended Counterclaim does not apply against the Directors and therefore, no response is required. To the extent a responses are necessary as a foundation for later responses, the Directors adopt the responses set forth herein to Count III.

55. That these Counterclaim-Defendants deny the allegations of paragraphs 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, and 155.

WHEREFORE, having fully answered, the Counterclaim-Defendants against whom this Count is directed pray that judgment be entered against Defendants/Counterclaim-Plaintiffs in

this matter, for their costs herein incurred and for such additional relief as the Court deems just and proper in the premises.

## COUNT IV – FRAUDULENT NONDISCLOSURE
### (Against Rice)

56. These Counterclaim-Defendants incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

57. That Count IV of this Amended Counterclaim does not apply to Forgey or the Directors and therefore, no response is required. To the extent a responses are necessary as a foundation for later responses, Forgey and the Directors adopt the responses set forth herein to Count IV.

58. That these Counterclaim-Defendants deny the allegations of paragraphs 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, and 170.

WHEREFORE, having fully answered, the Counterclaim-Defendant Rice prays that judgment be entered against Defendants/Counterclaim-Plaintiffs in this matter, for her costs herein incurred and for such additional relief as the Court deems just and proper in the premises.

## COUNT V – NEGLIGENT MISREPRESENTATIONS
### (Against Rice and Forgey)

59. These Counterclaim-Defendants incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

60. That Count V of this Amended Counterclaim does not apply against the Directors and therefore, no response is required. To the extent a responses are necessary as a foundation for later responses, the Directors adopt the responses set forth herein to Count V.

61. That these Counterclaim-Defendants deny the allegations of paragraphs 172, 173, 174, 175, 176, and 177.

WHEREFORE, having fully answered, the Counterclaim-Defendants against whom this Count is directed pray that judgment be entered against Defendants/Counterclaim-Plaintiffs in this matter, for their costs herein incurred and for such additional relief as the Court deems just and proper in the premises.

### COUNT VI – BREACH OF FIDUCIARY DUTY
**(Against Rice)**

62. These Counterclaim-Defendants incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

63. That Count VI of this Amended Counterclaim does not apply to Forgey or the Directors and therefore, no response is required. To the extent a responses are necessary as a foundation for later responses, Forgey and the Directors adopt the responses set forth herein to Count VI.

64. That these Counterclaim-Defendants deny the allegations of paragraphs 179, 180, 181, 182, 183, 184, 185, and 186.

WHEREFORE, having fully answered, the Counterclaim-Defendant Rice prays that judgment be entered against Defendants/Counterclaim-Plaintiffs in this matter, for her costs herein incurred and for such additional relief as the Court deems just and proper in the premises.

### COUNT VII – NEGLIGENT OR RECKLESS FAILURE TO SUPERVISE
**(Against the Directors)**

65. These Counterclaim-Defendants incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

66. That Count VII of this Amended Counterclaim does not apply to Counterclaim-Defendants Rice or Forgey or against the Directors and therefore, no response is required. To

the extent a responses are necessary Forgey and Rice adopt the responses set forth herein to Count VII.

67. That these Counterclaim-Defendants deny the allegations of paragraphs 188, 189, 190, 191, and 192.

WHEREFORE, having fully answered, the Counterclaim-Defendants against whom this Count is directed pray that judgment be entered against Defendants/Counterclaim-Plaintiffs in this matter, for their costs herein incurred and for such additional relief as the Court deems just and proper in the premises.

Respectfully submitted,

LEWIS, RICE & FINGERSH, L.C.

By: /s/ Thomas R. Larson
Thomas R. Larson, MO # 26114
M. Cory Nelson, MO #63357
1010 Walnut, Suite 500
Kansas City, Missouri 64106
Telephone: 816-421-2500
Facsimile: 816-472-2500
E-mail: trlarson@lrf-kc.com
mcnelson@lrf-kc.com
**ATTORNEYS FOR COUNTERCLAIM DEFENDANTS RICE, WHEELER, FORGEY, DREYER, J. FINGERSH, P. FINGERSH, S. ASNER, LIEBERMAN and WHITE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF system on this 2nd day of August, 2011, upon:

David L. Zeiler
MITCHELL & ASSOCIATES, L.C
1600 NE Coronado Drive, Suite 242
Blue Springs, Missouri 64014
Telephone: (816) 224-1100
Telecopier: (816) 224-1101
dzeiler@bluespringslaw.com
**Attorneys for Defendants/Counterclaimants**

Mark S. Carder
STINSON MORRISON HECKER
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Telephone: 816-842-8600
Telecopier: 816-691-3495
E-mail: mcarder@stinson.com
**Attorneys for Plaintiff Hillcrest Bank, N.A. and additional counsel for Counterclaim Defendants Rice and Forgey**

/s/ Thomas R. Larson_____ \_\_\_ _____
Attorney for Certain Counterclaim Defendants

F:\LRF\TRLarson\Hillcrest Bank Directors\Hillcrest Bank v. Cordsen\WP Pleadings\Separate Answer of CD to Counterclaim.AUG 01 11.doc